KLIEBERT, Judge.
The plaintiff tenant, James Wheatley, slipped on the steps of a mobile home rented from the defendant landlord. He and his wife, Mary Wheatley, filed suit; he for personal injuries, and his wife for loss of consortium, both urging strict liability or *365 alternatively negligence. The trial judge dismissed the suit and plaintiffs appealed, We affirm the judgment of the trial court,
In its reasons for the judgment the trial court said:
* * * Jf: *
“The testimony adduced at trial indicated the following: on the day of the accident, a third person, unrelated to plaintiffs or to defendant, approached plaintiffs’ door to elicit help in starting his car. Upon leaving plaintiffs’ door this third person left a trail of muddy foot steps on plaintiffs’ steps. When Wheatley left his trailer to help this third person, Wheatley slipped on the steps.”
jjc s(: * jjc
We have carefully reviewed the record and reach the same factual conclusion as did the trial court. Further, we might add that the precast concrete steps were placed at the trailer entrance to replace iron steps plaintiffs were dissatisfied with.
Further, prior to the fall, it had been raining for several days. The mud complained of by plaintiffs was several feet in front of the steps and caused by water standing in car ruts, apparently resulting from plaintiffs continuing to park their vehicle there, notwithstanding a request by the defendant that they not do so.
In order for a lessee to recover damages from the lessor due to a vice, defect, or condition in the leased premises, the burden rests upon the lessee to prove by a preponderance of the evidence that a defect existed in the premises and that the defect caused the damages. La. Civil Code Article 2695; Gallagher v. Favrot, 499 So.2d 1205 (5th Cir.1986), writ denied, 508 So.2d 23 (La.1987) and the cases cited therein. In Gallagher, the trier of facts, a jury, found the lessee tenant proved a defect or vice. In the instant case the trier of facts, a judge, decided “... there is no evidence in the record to indicate that there was a vice or defect in the premises.... ” We agree with that conclusion.
Accordingly, the judgment of the trial court is affirmed. All costs are to be borne by plaintiffs.